**ANDERSON & KARRENBERG**
Jared D. Scott (#15066)
Samantha Hawe (#17615)
50 West Broadway, Suite 600
Salt Lake City, Utah 84101-2035
Telephone: (801) 534-1700
Facsimile: (801) 364-7697
jscott@aklawfirm.com
shawe@aklawfirm.com

*Attorney for Plaintiff Crystal Diagnostic Labs, LLC*

## IN THE THIRD JUDICIAL DISTRICT COURT FOR SALT LAKE COUNTY

## STATE OF UTAH

| | |
|---|---|
| **CRYSTAL DIAGNOSTIC LABS, LLC.**, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>**TNT CONSULTING GROUP, LLC**, a Wyoming limited liability company; and **TIM SHIRATA**, an individual,<br><br>Defendants. | **COMPLAINT**<br><br>**Tier 3**<br><br>Case No. _____<br><br>Honorable _____ |

Crystal Diagnostic Labs, LLC ("Crystal") hereby complains again TNT Consulting Group, LLC ("TNT") and Tim Shirata ("Shirata," and with TNT, "Defendants") and states as follows:

## **PARTIES**

1. Crystal is a Wyoming limited liability company with its principal place of business in Utah.

2. TNT is a Wyoming limited liability company with its principal place of business in California.

3. Shirata is an individual resident of California who transacts business in, among other places, Utah, with companies like Crystal.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Utah Code § 78A-5-102(2) and the agreement of the parties.

5. Venue is appropriate in this court pursuant to § 78B-3-304, 78B-3-306, and 78B-3-307.

6. This case is a Tier 3 case pursuant to Utah Rule of Civil Procedure 26.

## GENERAL ALLEGATIONS

7. In early 2021, Defendants entered into a consulting agreement (the "Consulting Agreement").

8. The Consulting Agreement restricted Defendants from disclosing Crystal's confidential information and circumventing Crystal's opportunities and relationships.

9. Following the entry into the Consulting Agreement, Crystal developed opportunities to generate significant profits from Covid-19 testing sites in California.

10. The sites were operated by a company called Heal 360 Management, Inc. ("Heal 360").

11. Starting no later than July 2021, Defendant breached the Consulting Agreement by, among other things, circumventing Crystal by negotiating with Crystal's contractors, including Heal 360, to exclude Crystal from the transactions that Crystal had set up.

12. Defendant repeatedly made misrepresentations to Heal 360 and others about Crystal.

13. Defendant made every effort to cause Heal 360 to contract with them and their affiliates rather than Crystal.

14. As part of these illegal efforts, Defendant utilized Crystal's confidential information and trade secrets, including public and non-public information related to operating procedures, business plans and practices.

15. By October 2021, Defendants successfully convinced Crystal's contractors and others to stop doing business with Crystal and to operate the same type of business in the same location while excluding Crystal from the benefits of the arrangement.

16. This resulted in the loss of multiple contracts resulting in thousands of dollars in lost profits per day.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17. Crystal incorporates all previous paragraphs as if fully set forth herein.

18. The Consulting Agreement is a valid and enforceable contract.

19. Crystal performed all of its obligations under the Consulting Agreement until it was excused from doing so by Defendants' breaches.

20. Defendants breached the Consulting Agreement by, among other things, taking and misusing Crystal's confidential information and disclosing it to third parties and circumventing Crystal's interests and opportunities.

21. Crystal suffered, and continues to suffer, actual, consequential, direct, indirect, and other special damages as a result of Defendants' breaches of contract.

22. Crystal is also entitled to an award of fees and costs.

23. Crystal is entitled to judgment in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant)

24. Crystal incorporates all previous paragraphs as if fully set forth herein.

25. Like all contracts, the Consulting Agreement contains both express and implied terms.

26. In addition to the breaches of the express terms described above, Defendants breached the implied terms of the Consulting Agreement by taking actions that negate all benefits of the Consulting Agreement from Crystal.

27. Crystal suffered damages as result of Defendants' breaches of the implied terms of the Consulting Agreement.

28. Crystal is entitled to a judgment in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Intentional Interference with Existing Economic Relationships)

29. Crystal incorporates all previous paragraphs as if fully set forth herein.

30. Defendants intentionally and tortiously interfered with Crystal's relationships with, among others, non-party Heal 360.

31. Defendants' interference was through improper, illegal, tortious, and/or anticompetitive means because it involved, among other things, misrepresentations.

32. These misrepresentations were made by Defendants in late June 2021 and early August 2021and included false statements that Crystal was engaged in illegal behavior, was not paying its bills as they became due, and other false and defamatory claims.

33. These misrepresentations were made orally to, among others, Chris Munoz and Jacqueline Hyunh.

34. Defendants' interference caused Crystal to incur substantial damages.

35. Defendants' interference was so egregious that Crystal is entitled to actual and punitive damages.

36. Crystal is entitled to judgment in an amount to be proven at trial and to include punitive damages.

## FOURTH CAUSE OF ACTION
(**Misappropriation of Trade Secrets Under the Defend Trade Secrets Act**)

37. Crystal incorporates all previous paragraphs as if fully set forth herein.

38. Crystal was the rightful legal and/or equitable owner of trade secrets with respect to, among other things, their proprietary business plan, practices, contacts, and operating procedures.

39. This information constitutes trade secrets under the Defend Trade Secrets Act 18 U.S.C. §1836 et seq.

40. The trade secrets are related to a product and/or services that are used or intended to be used in interstate commerce.

41. Defendants misappropriated Crystal's trade secrets by, among other things, using them to circumvent and take Crystal's business and business opportunities.

42. Defendants' misappropriation of trade secrets caused Crystal to suffer damages in an amount to be proven at trial.

43. In addition to damages, Crystal is entitled to recover its attorneys' fees because the misappropriation was willful and malicious.

44. Crystal is also entitled to injunctive relief enjoining any further misappropriations.

## FIFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets Under the Utah Trade Secret Act)

45. Crystal incorporates all preceding paragraphs as if fully set forth herein.

46. Crystal was the rightful legal and/or equitable owner of trade secrets with respect to, among other things, their proprietary business plan, practices, contacts, and operating procedures.

47. This information constitutes trade secrets under Utah Code § 13-24-2.

48. Defendants misappropriated Crystal's trade secrets by, among other things, using them to circumvent and take Crystal's business and business opportunities.

49. Defendants' misappropriation of trade secrets caused Crystal to suffer damages in an amount to be proven at trial.

50. Defendants' misappropriation was willful and malicious, so Crystal is entitled to actual damages, unjust enrichment, and punitive or exemplary damages in amounts to be proven at trial.

51. Crystal is also entitled to injunctive relief enjoining any further misappropriations.

## SIXTH CAUSE OF ACTION
### (Unjust Enrichment)

52. Crystal incorporates all preceding paragraphs as if fully set forth herein.

53. Crystal's confidential information is a benefit obtained by Defendants that has caused them significant and ongoing economic benefits.

54. It is unjust for Defendants to retain these ill-gotten benefits.

55. Crystal is entitled to judgment in an amount to be determined at trial.

## JURY DEMAND

Crystal demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.     On Plaintiff's First Cause of Action for breach of contract against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief to which Plaintiff is entitled;

2.     On Plaintiff's Second Cause of Action for breach of implied covenant against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief to which Plaintiff is entitled;

3.     On Plaintiff's Third Cause of Action for intentional interference with existing economical relationships against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief to which Plaintiff is entitled;

4.     On Plaintiff's Fourth Cause of Action for misappropriation of trade secrets under the Defend Trade Secrets Act against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief to which Plaintiff is entitled;

5.     On Plaintiff's Fifth Cause of Action for misappropriation of trade secrets under the Utah Trade Secret Act against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief to which Plaintiff is entitled;

6.     On Plaintiff's Sixth Cause of Action for unjust enrichment against Defendants for monetary damages in an amount to be proven at trial, attorney's fees and costs, and any other relief

to which Plaintiff is entitled.

      7.      For such other and further relief as this Court deems just and proper.

**DATED** this 19th day of October, 2021.

                              **ANDERSON & KARRENBERG, P.C.**

                              /s/ *Jared D. Scott*
                              Jared D. Scott
                              Samantha E. Hawe
                              ***Attorney for Plaintiff Crystal Diagnostic Labs, LLC***